UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER IMELMANN,

        Plaintiff,                           Case No. 15-10343
                                                 Hon. Mark A. Goldsmith

vs.

CORIZON INC., et al.,

        Defendants.
_____/

**OPINION AND ORDER (1) ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION DATED NOVEMBER 25, 2015 (Dkt. 53); (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 57); (3) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Dkt. 15); (4) ACCEPTING THE MAGISTRATE JUDGE'S SECOND RECOMMENDATION DATED DECEMBER 16, 2015 (Dkt. 58); AND (5) GRANTING DEFENDANT RYDER'S MOTION FOR SUMMARY JUDGMENT (Dkt. 21)**

**I. BACKGROUND**

Plaintiff Christopher Imelmann, a state prisoner at the Lakeland Correctional Facility ("LCF") in Coldwater, Michigan, brings two civil rights claims against Defendants, who are various entities involved in providing the health care Plaintiff receives at LCF.

Plaintiff's first claim is not before the Court at this time.[1]  His second claim alleges that Plaintiff receives so few medically necessary supplies that it infringes his Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff also alleges that this violates Title II of the Americans with Disabilities Act.  This claim for medical supplies is the subject of Plaintiff's motion for preliminary injunction (Dkt. 15) and the Magistrate Judge's first Report & Recommendation ("R&R") (Dkt. 53).

---

[1] Plaintiff's first claim, brought under the Eighth Amendment and Title II of the Americans with Disabilities Act, alleges that Defendants failed to provide him with a referral to a neurosurgeon not affiliated with LCF, who could have corrected broken instrumentation in his spine.  Compl. ¶ 18 (Dkt. 1).

1

Specifically, Plaintiff self-administers a urethral catheter in order to empty his bladder because of a spinal cord injury that he suffered in 1985, which left him an "incomplete" paraplegic. Compl. ¶ 25 (Dkt. 1). At the time he filed his complaint, the medical unit at LCF provided him with seven packets of lubricating jelly per week and two "single use" catheters per week. Id. ¶ 32. Plaintiff claims that, because insertion of the catheter without lubrication is "akin to being tortured," id. ¶ 27, this insufficient amount of lubricating jelly limited him to one catheterization per day, causing all manner of health issues. He further alleges that having to re-use the "single use" catheters throughout the week is dangerously unsanitary. Id. ¶ 32.

Plaintiff's complaint alternatively requests "4-6 catheters per day," id. ¶ 34, and "150 catheters per month and one single-use packet of lubricating jelly for each catheter," id. at 17 (cm/ecf page) ("Relief Requested").[2] In his motion for preliminary injunction, Plaintiff requests four to six catheters and lubricant packets per day. Pl. Mot. at 3. After the institution of this action, and in response to Plaintiff's February 5, 2013 grievance, the Michigan Department of Corrections ("MDOC") modified Plaintiff's medical protocol to allow for four catheters and four packets of lubricating jelly per day. Second Supp. Resp. to Pl. Mot. at 4 (Dkt. 43). Plaintiff concedes that he is now receiving four catheters and four packets of lubricating jelly per day, which meets his needs, but, in his objection, Plaintiff objects to the medical protocol's inflexibility. Pl. Obj. at 3 (cm/ecf page) (Dkt. 57) ("Defendants should adjust [P]laintiff's medical protocol to four catheters and four packages of lubricating jelly per day or more as needed." (Emphasis in original)).

On November 25, 2015, after a telephonic hearing and supplemental briefing, Magistrate Judge Hluchaniuk issued an R&R recommending that Plaintiff's motion for a preliminary injunction be denied. The recommendation noted that granting a preliminary injunction requires

---

[2] One hundred fifty catheters per month averages to roughly 5 catheters per day over one year's time.

the movant to demonstrate, among other things, a threat of irreparable harm — specifically, future harm. First R&R at 13-14. And, as a result of the MDOC's modification to Plaintiff's medical protocol, "even Plaintiff feels that his urological needs are being adequately met." Id. at 15. Accordingly, recommended the Magistrate Judge, so long as Plaintiff's medical needs and his medical protocol remain stable, there is no threat of irreparable future harm. As explained below, the Court accepts the recommendation of the Magistrate Judge and denies Plaintiff's motion for a preliminary injunction.

Also related to Plaintiff's second claim is Defendant Rhonda Ryder's motion for summary judgment (Dkt. 21). Plaintiff is suing Ryder in both her official and individual capacities, seeking declaratory and injunctive relief, as well as money damages, for her alleged role in refusing to provide the proper amount of catheters and lubricant. Compl. ¶ 27. Ryder, one of Plaintiff's nurses at LCF, files her motion on grounds that Plaintiff failed to properly exhaust his administrative remedies regarding the issues raised in the complaint as to her. Ryder is only mentioned by Plaintiff's complaint in the context of his claim regarding the catheters and lubricant packets; Ryder is not alleged to have been involved in the decision whether to refer Plaintiff to a neurosurgeon, which forms the basis of his other claim.

The Magistrate Judge's second R&R (Dkt. 58) recommended that Defendant Ryder's motion be granted. No parties objected to the second R&R, and the time to do so has expired.

## II. STANDARD OF REVIEW

The detailed procedural and factual background, along with the standard of review and legal principles governing motions for summary judgment under Federal Rule of Civil Procedure 56, have been adequately set forth by the Magistrate Judge in his R&Rs. The Court reviews de novo any portion of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013). For the reasons that follow, the Court

accepts the recommendations made in both R&Rs, denies Plaintiff's motion for a preliminary injunction, and grants Defendant Ryder's motion for summary judgment.

### III.  DISCUSSION

**1. The First Report and Recommendation (Dkt. 53)**

Plaintiff raises two objections to the first R&R.  First, he reiterates his position that a Michigan statute, which prohibits certain health care facilities' reuse of "single-use" medical devices, is controlling.  Obj. at 3 (cm/ecf page) (citing Mich. Comp. Laws § 333.20153).  More specifically, in his Reply to Defendant's Response, Plaintiff, for the first time, argued that LCF's health care facility was within the ambit of that statute.  Pl. Reply at 3 (Dkt. 27).  By invoking the statute, Plaintiff claimed that he was entitled to receive at least one "single-use" catheter for every self-catheterization.  Pl. Obj. at 3.  If true, this would refute Defendants' initial argument that two catheters per week were adequate to meet Plaintiff's needs.

This objection fails for two reasons.  First, even assuming for the sake of argument that the statute controls, by Plaintiff's own admission, Defendants' conduct complies with it, as his needs are currently met.  Pl. Reply to Def. Ryder's Supp. Br. at 2 ("At this point in time the allotment is adequate to meet Plaintiff's medical needs.") (Dkt. 47).  Plaintiff is not required to re-use single-use catheters.  And second, in light of Defendants' compliance with the statute, Plaintiff's objection is not responsive to the R&R, because the R&R does not base its analysis on, or even mention, the inapplicable Michigan statute.  Rather, the R&R concludes that a preliminary injunction is inappropriate because Plaintiff himself admits that there is no danger of future irreparable harm.  First R&R at 13-14; <u>see also</u> Pl. Reply to Def. Ryder's Supp. Br. at 2.

Plaintiff's only other objection appears to be founded upon speculation that, at some point, he may need more than four catheters and four packets of lubricating jelly per day.  In other words, although he admits that his needs are currently met, he objects "to the hard number 4" and argues that "Defendants should adjust [P]laintiff's medical protocol . . . <u>as needed</u>."  Pl.

4

Obj. at 3 (emphasis in original).  However, as noted by the Magistrate Judge, granting a motion for preliminary injunction requires the movant to show a risk of <u>future</u> harm.  Plaintiff must show that "irreparable harm is both certain and immediate, rather than speculative or theoretical to satisfy [his] burden to receive preliminary injunctive relief."  <u>Conway v. Purves</u>, 963 F. Supp. 2d 708, 712 (E.D. Mich. 2013) (citing <u>NACCO Materials Handling Grp., Inc. v. Toyota Materials Handling USA, Inc.</u>, 246 F. App'x 929, 943 (6th Cir. 2007)).  In light of the change to his medical protocol, Plaintiff's current worry is exactly the speculative kind that is insufficient to justify a preliminary injunction.  <u>See</u> <u>Turner v. Heckler</u>, 783 F.3d 657, 660-661, 662 (6th Cir. 1986) (reversing grant of preliminary injunction because defendant showed it had cured violation after plaintiff's request for injunction, but before injunction issued).

Because Plaintiff's objections to the first R&R are without merit, the Court accepts the recommendation contained in the R&R and denies Plaintiff's motion for a preliminary injunction.

### 2.  The Second Report and Recommendation (Dkt. 58)

The matter of Defendant Ryder's motion for summary judgment is before the Court on the R&R of Magistrate Judge Hluchaniuk, issued on December 16, 2015.  In the second R&R, the Magistrate Judge recommends that Defendant's motion for summary judgment be granted and that Plaintiff's complaint as to Defendant Ryder be dismissed without prejudice for failure to exhaust his administrative remedies.  The parties have not filed objections to the second R&R, and the time to do so has expired.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The Court has reviewed the second R&R and concludes that the Magistrate Judge has reached the proper conclusion for the proper reasons.  Therefore, the second R&R is accepted and adopted as the findings and conclusions of the Court.  Accordingly, Defendant's motion for summary judgment is granted and Plaintiff's complaint as to Defendant Ryder is dismissed without prejudice.

### IV.  CONCLUSION

For the reasons set forth above, the Court accepts the Magistrate Judge's first recommendation dated November 25, 2015 (Dkt. 53); overrules Plaintiff's objections thereto (Dkt. 57) and denies Plaintiff's motion for a preliminary injunction (Dkt. 15); accepts the Magistrate Judge's second recommendation dated December 16, 2015 (Dkt. 58); grants Defendant Ryder's motion for summary judgment (Dkt. 21); and dismisses Plaintiff's claim against Defendant Ryder without prejudice.

SO ORDERED.

Dated: February 23, 2016  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2016.

s/Karri Sandusky  
Case Manager